```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| TERESSA S. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV274 |
| | ) | |
| v. | ) | |
| | ) | |
| PRINCIPAL FINANCIAL GROUP, | ) | MEMORANDUM AND ORDER |
| and PRINCIPAL LIFE INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Two motions are pending in this case.  The plaintiff has moved to change the place of trial from Omaha to Lincoln.  Filing 7.  The defendants did not respond to this motion.  The defendants have moved to strike plaintiff's jury demand, (filing 9).  The plaintiff has not responded to the motion to strike.  For the following reasons, I shall grant the motion for place of trial, but deny at this time the defendants' motion to strike plaintiff's jury demand.

The plaintiff's lawsuit was originally filed in the District Court of Hall County, Nebraska.  The defendants removed the case to federal court, but did not request a place of trial.  The case was assigned by the court to the Omaha docket.

The plaintiff has timely moved to request Lincoln as the place of trial. Filing 7.  In support of this motion, the affidavit of plaintiff's counsel states that the plaintiff and nearly every witness lives in Grand Island, Nebraska, the plaintiff is disabled and unable to drive, and Lincoln is fifty miles closer to Grand Island than Omaha.  Filing 8.  In addition, the court notes that the assigned trial judge and magistrate judge are both located in Lincoln, Nebraska.

Though defendants' counsel is from Des Moines, Iowa, and will therefore have to drive further to try this case in Lincoln, Nebraska, on balance the record supports changing the place of trial to Lincoln, Nebraska for the convenience of the witnesses, parties, and the court.  I shall therefore grant the motion to change the place fo trial to Lincoln, Nebraska.

The defendants' motion to strike the jury demand depends on first establishing that the plaintiff's claims are related to an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et. seq.  The plaintiff has not conceded (nor has she denied) that her claims relate to an ERISA employee benefit plan.  See filing 11, Report of Parties' Planning Conference.  It is not entirely clear from the pleadings herein that the plaintiff's claim for recovery rests solely on the terms of an employee benefit plan; based on the language of the plaintiff's complaint, the plaintiff is seeking recovery pursuant to an employment contract and an employee benefit plan.  See filing 1 ¶ 10.  While ERISA comprehensively regulates certain employee welfare benefits and pension plans, not all state law claims that somehow affect a plan are preempted. <u>Bannister v. Sorenson</u>, 103 F.3d 632, 635 (8th Cir. 1996) (reversing partial summary judgment based on ERISA preemption and remanding question of subject matter jurisdiction where parties disputed whether the plan was governed by ERISA; the court must first decide if the plan is governed by ERISA because if it is not, a the suit cannot "relate to" an ERISA plan).

Based on the limited record before me, it is premature at this time to strike the plaintiff's demand for a jury trial. Once the parties' positions and claims are further distilled by

2

the litigation pre-trial process, such a motion may be both ripe and appropriate. However, based on the record currently before me, I shall deny without prejudice the defendant's motion to strike the plaintiff's jury demand.

    IT THEREFORE HEREBY IS ORDERED:

1. The plaintiff's motion to change the place of trial from Omaha to Lincoln, filing 7, is granted.

2. The defendants' motion to strike plaintiff's jury demand, filing 9, is denied.

DATED this 5th day of July, 2005.

                                        BY THE COURT:

                                        s/ *David L. Piester*
                                        David L. Piester
                                        United States Magistrate Judge