```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

TERESSA S. JOHNSON,            )
                               )
            Plaintiff,         )        8:05CV274
                               )
     v.                        )
                               )
PRINCIPAL FINANCIAL GROUP,     )        MEMORANDUM AND ORDER
and PRINCIPAL LIFE INSURANCE,  )
                               )
            Defendants.        )
                               )
```

Pending before me is the defendants' Motion to Strike Jury Demand and for an Order Determining the Standard of Review. Filing 15. The defendants did not submit a brief in support of their motion. NECivR 7.1(a)(1)(A) states:

> A motion raising a substantial issue of law must be supported by a paginated brief filed and served contemporaneously with the motion. The brief shall state concisely the reasons for the motion and cite the authorities relied upon.

A party who fails to submit a brief as required under NECivR 7.1(a)(1)(A) "may be deemed to have abandoned in whole or in part that party's position on the pending motion." NECivR 7.1. The plaintiff did not respond to the filing 15 motion.

The defendants' violation of the local rules warrants denying the filing 15 motion. The right to a jury trial and the applicable standard of review are certainly substantial issues of law meriting a brief by the defendants, and a responsive brief by the plaintiff. These issues should not be decided by the court in the abstract or upon the undeveloped record herein.

Of note, I previously denied the defendants' motion to strike the jury demand because "it is not entirely clear from the

pleadings herein that the plaintiff's claim for recovery rests solely on the terms of an employee benefit plan; based on the language of the plaintiff's complaint, the plaintiff is seeking recovery pursuant to an employment contract and an employee benefit plan."  Filing 12.

I further note that the standard of review in an ERISA case is not a clear cut issue and requires analysis and scrutiny of case-specific facts.  See e.g. <u>Tillery v. Hoffman Enclosures, Inc.</u>, 280 F.3d 1192, 1196-97 (8th Cir. 2002).  It would be premature to address the standard of review issue at this time and on the limited record before me.

IT THEREFORE HEREBY IS ORDERED: The defendants' Motion to Strike Jury Demand and for an Order Determining the Standard of Review, filing 15, is denied without prejudice.

DATED this 14th day of September, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge